IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JEFFERY PINKSTON | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv789 |
| WARDEN ALFORD | § | |

MEMORANDUM OPINION

Jeffery Pinkston, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983.

Discussion

The court previously mailed a Notice of Case Assignment Form to plaintiff at the LeBlanc Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, the address provided to the court by plaintiff. The copy of the order sent to plaintiff was returned to the court with a notattion indicating plaintiff has been released from confinement. Plaintiff has not furnished the court with a new address.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for want of prosecution *sua sponte* whenever such action is necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980). *See also McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The orderly and

expeditious disposition of lawsuits requires that if a litigant's address changes, he must promptly inform the court of the new address. The United States Court of Appeals for the Fifth Circuit has said

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Shannon v. State of Louisiana*, 1988 WL 54768, No. 87-3951 (E.D. La. May 23, 1988) (quoting *Perkins v. King*, No. 84-3310 (5th Cir. May 19, 1985)); *see also Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (*per curiam*) (*pro se* plaintiff's case dismissed for failure to prosecute when he failed to keep the court apprised of his current address).

By not providing the court with his correct address, plaintiff has prevented the court from communicating with him and moving this case towards resolution. He has therefore failed to diligently prosecute this case.

<u>Conclusion</u>

For the reasons set forth above, this case will be dismissed for want of prosecution. A final judgment shall be entered in accordance with this memorandum opinion. If plaintiff wishes to have this case reinstated on the court's active docket, he may do so by providing the court with a current address within 60 days of the date set forth below.

**SIGNED** this the **22** day of **January, 2009.**

_____
Thad Heartfield
United States District Judge